UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

**PHILLIP CHRISTON**,

    Plaintiff,

-against-                                                                           **FIRST AMENDED**
                                                                                                                                        **COMPLAINT AND**
                                                                                                                                       **JURY TRIAL DEMAND**

**CITY OF NEW YORK; POLICE OFFICER
JUSTIN SMITH; AND SERGEANT RAY JENKINS**

    Defendants.
----------------------------------------------------------------X

      **NOW COMES** Plaintiff, **PHILLIP CHRISTON**, by and through his attorney, **BONJEAN LAW GROUP, PLLC**, and for cause of action against the defendants, both jointly and severally, respectfully states as follows:

## INTRODUCTION

      1.     On March 16, 2012, defendants JENKINS and SMITH, dressed in plain clothes and acting undercover, unlawfully stopped and detained Plaintiff in the building where his girlfriend resided.

      2.     JENKINS and SMITH failed to announce themselves as officers or otherwise demonstrate to Plaintiff that they were, in fact, police officers employed by New York Police Department.

      3.     Notwithstanding defendants' failure to properly identify themselves, Plaintiff explained that he was in the building visiting his girlfriend and complied with all their requests. However, after one of the Defendants illegally searched Plaintiff's wallet and asked him "is this all the money you have?" Plaintiff understandably believed that he was the victim of a robbery

rather than an unlawful search and seizure by legitimate police officers.

4. Defendants JENKINS and SMITH backed Plaintiff into a dead end hallway in a threatening manner and Plaintiff, still believing he was being robbed, swung his fist in the direction of one of the Defendants.

5. One of the Defendants struck Plaintiff in the side of the head while the other maced Plaintiff in the face. Both defendants than repeatedly punched and struck Plaintiff about his face and body. One or both defendants pulled Plaintiff's sweater over his head and continued to beat him mercilessly, even after Plaintiff was rendered incapacitated.

6. Plaintiff fell to the ground and defendants continued to strike and kick Plaintiff about his body and face until Plaintiff lost consciousness.

7. Defendants then falsely arrested and charged Plaintiff with crimes he did not commit and for which no probable cause existed to justify an arrest.

8. Defendants prepared false affidavits and police reports that initiated a criminal prosecution against Plaintiff for crimes Plaintiff did not commit. Those charges were ultimately dismissed.

**PARTIES**

9. Plaintiff is an adult resident of New York County, New York.

10. Defendant CITY OF NEW YORK, NEW YORK ("CITY"), is a municipality chartered by the State of New York and as such is a political subdivision of the State of New York and among its other functions operates and maintains a law enforcement agency known as the New York City Police Department ("NYPD"). The City of New York is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of New York and

to preserve to its citizens the rights, privileges and immunities granted and secured to them by the constitutions and the laws of the United States and the State of New York.

11. Defendants JENKINS and SMITH, are and were at all times relevant herein, officers, employees and agents of the New York City Police Department, a municipal agency of the CITY OF NEW YORK. Defendants JENKINS and SMITH are being sued individually and in their official capacities. At all times relevant herein, Defendants JENKINS and SMITH were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officer of the Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the court of their duties. They were acting for and on behalf of the CITY at all times relevant herein with the power and authority vested in them as officers, agents, and employees of the Defendant CITY and incidental to the pursuit of their duties as officers, employees and agents of the Defendant CITY.

## JURISDICTION AND VENUE

12. Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of New York, and the City of New York, and under authority of their office as police officers for the City of New York.

13. The incidents which give rise this cause of action occurred within this jurisdiction within three years of the filing of this Complaint.

14. Venue is proper in this venue pursuant to 28 U.S.C. § 1391 as all of the defendants are residents of this district and/or all of the acts or omissions which give rise to this cause of action occurred within this district.

15.     Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

16.     Plaintiff avers that defendants do not have immunity for violating the civil rights of citizens.

## FACTUAL ALLEGATIONS

17.     Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

18.     On or about March 16, 2012, in the City of New York, County of Kings, Plaintiff was visiting his girlfriend at her apartment located at 265 Hawthorne, Apartment 3E in Brooklyn.

19.     Sometime between 5:30 and 6:00 p.m., Plaintiff left his girlfriend's apartment. On his way down the stairwell, defendants JENKINS and SMITH confronted Plaintiff and asked him to step into the first floor hallway.

20.     Defendants were dressed in plain clothes and did not announce themselves as police officers or display their badge to Plaintiff. Plaintiff nonetheless complied with the request.

21.     One of the Defendants began questioning Plaintiff about why he was in the building and what he was doing in the building. Plaintiff responded that he was visiting his girlfriend who resided in the building. That Defendant then demanded to see the backpack that Plaintiff was wearing on his back.

22.     Plaintiff again complied and that Defendant unzipped the backpack and began searching it. Plaintiff volunteered that he had a bottle of alcohol in his backpack but that he was

over 21 years of age and offered to show identification.

23. The other Defendant asked for Plaintiff's wallet. Plaintiff provided his wallet to that Defendant. That Defendant immediately looked in the billfold of the wallet where currency would normally reside and asked Plaintiff "[i]s this all the money you have?" That Defendant did not look at Plaintiff's identification.

24. Finding the defendants' conduct unusual and suspicious, Plaintiff asked defendants to show him a badge if they were really police officers. One of the Defendants quickly pulled out a black, wallet-like item from under his shirt for a mere second or two. The other Defendant refused to display any credentials. Plaintiff had no ability to determine whether JENKINS or SMITH were, in fact, police officers.

25. One of the Defendants then ordered Plaintiff to step to the end of the hallway. Believing that Defendants were attempting to rob him, Plaintiff picked up his backpack up from the ground and began backing away from Defendants.

26. Defendants began closing in on Plaintiff and one of the Defendants lurched toward Plaintiff in a threatening manner. Plaintiff swung his fist toward that Defendant while holding his backpack in the other hand.

27. That Defendant struck Plaintiff with a closed fist on the side of the head while the other Defendant began macing Plaintiff in the face.

28. Still holding on to his backpack, Plaintiff lowered his head and continued to back away from defendants. Plaintiff could not see and was having difficulty breathing.

29. Defendants continued to assault Plaintiff, striking him multiple times with their fists about his body and face. One or both of the defendants pulled Plaintiff's sweater over his

head as they continued to strike him.

30. Plaintiff told defendants "Just take my bag" and began yelling for help. Defendants continued to strike Plaintiff. Plaintiff fell to the ground and the defendants continued to hit and kick Plaintiff, causing severe lacerations and bruises to Plaintiff's head, face, mouth, and body.

31. Plaintiff lost consciousness but vaguely recalls that other officers appeared on the scene. Plaintiff was handcuffed and transported to the precinct. Plaintiff faded in and out of consciousness but recalls waking up in the Precinct where he was examined by an EMT.

32. Following the defendants' attack on Plaintiff, defendants filed false charges against Plaintiff for Assault in the Third Degree, Menacing in the Third Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, and Harassment in the Second Degree.

33. As a result of the false charges Plaintiff was detained until the following evening when he released on bail.

34. Those charges were ultimately dismissed.

## COUNT I

### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS

35. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

36. Defendants committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers for the City of New York

and substantially deprived plaintiff of his clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived plaintiff of the rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to:

    a.    freedom from unreasonable, unjustified, and excessive force;

    b.    freedom from deprivation of liberty and property without due process of law;

    c.    freedom from cruel and unusual punishment;

    d.    freedom from summary punishment;

    e.    freedom from state created danger;

    f.    freedom from arbitrary government activity which shocks the conscience of civilized society; and

    g.    freedom from confinement without the provision for adequate medical care and treatment.

37.    As a direct and proximate result of the acts and omissions of defendants, Plaintiff's constitutional rights were violated and Plaintiff was injured and sustained substantial injuries.

38.    The actions and/or omissions of defendants, complained herein were unlawful, conscience shocking, unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly in bad faith, and in such a manner to entitle Plaintiff to a substantial award of punitive damages against defendants.

## COUNT II

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST THE CITY OF NEW YORK

39. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

40. The City of New York is under a duty to supervise the members of NYPD and to ensure that the policing activities of NYPD are run in a lawful manner, preserving to the citizens of the City of New York the rights, privileges and immunities guaranteed to them by the Constitutions of both the United States of America and the State of New York.

41. At all times material to this complaint, the defendant CITY, acting through its Police Department, had in effect *de facto* policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents and occupants of the City of New York that were a direct a proximate cause of the unconstitutional conduct of defendants JENKINS and SMITH, and of the resultant official cover-up of the wrong and unconstitutional conduct of defendants JENKINS and SMITH.

42. These *de facto* policies, practices, and customs include, *inter alia:* (a) the failure to properly screen, supervise, discipline, transfer, counsel and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; (b) the failure to properly train and supervise police officers to avoid the use of punitive, cruel and excessive force, and (c) authorizing and ratifying the police code of silence where police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of the excessive and unjustified force by police officers, *inter alia*, in sworn testimony, official reports and in public statements, all of which are designed to cover for and/or falsely exonerate the accused police

officers.

43. Upon information and belief, the defendant CITY failed to effectively screen, hire, train, supervise, and discipline their police officers, including the defendant police officers herein, for their propensity for violence, including excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowed the defendant police officers herein to be in a position to assault, excessively and unjustifiably restrain the Plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights, and/or to permit these actions to take place with their knowledge or consent.

44. Upon information and belief, the defendant CITY failed to train and supervise police officers, including the defendant police officers herein, to make legally sound 'reasonable suspicion' determinations, in turn allowing police officers, including defendants, to conduct illegal investigatory stops and/or "stop and frisks" of the citizens, residents, and occupants of New York, including Plaintiff.

45. Upon information and belief, the defendant CITY failed to train and supervise police officers, including the defendant police officers herein and to make probable cause determinations sufficient to arrest, and initiate and sustain criminal charges against individuals, including Plaintiff.

46. On information and belief, Defendant CITY failed to discipline police officers, including defendants, for their pattern of conducting unlawful investigatory stops and/or "stop and frisks," and for their pattern of detaining, arresting, and/or bringing criminal charges against the citizens, residents, and occupants of New York, including Plaintiff, without probable cause.

The CITY failed to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowed the defendant police officers herein to be in a position to falsely detain, arrest, imprison, search, and charge the Plaintiff and to otherwise cause him injury and violate his federal and state constitutional rights, and/or to permit these actions to take place with their knowledge or consent.

47. Upon information and belief, the defendant CITY has formally adopted a policy of allowing police officers, including defendants, to conduct investigatory stops or "stop and frisks" without reasonable suspicion and to conduct those stops in a manner that creates a danger to the citizens, residents, and occupants of New York.

48. As a result of the foregoing conscious policies, practices, customs and/or usages, Defendant CITY has permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent or otherwise constitutionally violative behavior. Such policies, practices, customs, and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiff.

49. At all times herein, Defendant CITY had authority to address alleged behavior that violated citizens' constitutional rights and to institute corrective measures.

50. As a direct and proximate result of the Defendant CITY's wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered substantial injuries and damages including, but not limited to, physical and conscious pain and suffering, emotional pain and suffering, anxiety and embarrassment.

## COUNT THREE

## PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT CITY

51. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

52. At all times hereins, Defendant CITY has been grossly negligent and negligent in the hiring supervision, training, and monitoring of its representatives who consult with and counsel police officers who are suspected of crimes and misconduct, or police officers who are suspected of crimes and misconduct, or police officers who are witnesses to crimes and misconduct by their fellow officers.

53. At all times relevant herein, Defendant CITY has been grossly negligent and negligent in hiring, supervision, training, and monitoring of defendants JENKINS and SMITH.

54. As a direct and proximate result of the Defendant's wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, physical pain and suffering, emotional pain and suffering, anxiety, and embarrassment.

## COUNT FOUR

## STATE LAW TORTS AGAINST DEFENDANTS JENKINS AND SMITH

55. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

56. The acts, omissions, and conduct of defendants JENKINS and SMITH constitute assault, battery, conversion, false arrest, false imprisonment, malicious prosecution, conspiracy, and intentional infliction of emotional distress.

57. As a direct and proximate result of the aforementioned acts and omissions of defendants JENKINS and SMITH, Plantiff has been injured and damaged.

## COUNT FIVE

## PUNITIVE DAMAGES AGAINST DEFENDANTS JENKINS AND SMITH

58. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

59. The actions and/or omissions of defendants JENKINS and SMITH complained of herein were unlawful, conscience shocking, and unconstitutional and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against defendants JENKINS and SMITH.

## DAMAGES

60. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

61. As a direct and proximate result of the aforementioned actions and omissions of the defendants, the Plaintiff was injured and damaged. The damages for which the Plaintiff seeks compensation from the defendants, both jointly and severally, include, not are not limited to, the

following:

    a.    emotional pain and suffering of a past, present, and future nature;

    b.    loss of enjoyment of life of a past, present, and future nature;

    c.    fright, fear, aggravation, humiliation, anxiety, and emotional distress of a past, present, and future nature as a result of false charges being placed on Plaintiff and the injuries sustained as a result of the illegal actions of defendants JENKINS and SMITH.

    d.    loss of earning capacity;

    e.    attorney's fees pursuant to 42 U.S.C. § 1988;

    f.    punitive damages against applicable defendants;

    g.    attorney's fees and costs in dealing with the criminal charges placed against Plaintiff;

    h.    pre-and post-judgment interest;

    i.    declaratory judgment and injunctive relief holding that the policies, practices or customs of the City of New York, NYPD and defendants JENKINS and SMITH complained of herein are illegal and unconstitutional;

    j.    preclusion of defendants JENKINS and SMITH from serving in the capacity of law enforcement officers; and

    k.    all such relief, both general and specific, to which Plaintiff may be entitled to under the premises.

## **PRAYERS FOR RELIEF**

62. Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

63. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

64. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues defendants JENKINS and SMITH for punitive damages in an amount solely to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

65. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

Respectfully submitted,

**Bonjean Law Group, PLLC**
142 Joralemon St., Ste. 5A
Brooklyn, NY 11201
(718) 875-1850 (tel)
(718) 875-1931 (fax)

S/JENNIFER BONJEAN
Jennifer Bonjean